IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | MAGISTRATE NO.  TMD-20-3253 |
| | * | |
| JEAN-LUC PIERRE-LOUIS | * | |
| | * | |

**************

**CONSENT MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States moves for an order excluding time from calculation of the period within which an indictment must be returned in this matter to and including May 17, 2021. In support of this request, the government would show as follows:

1. On December 29, 2020, a Criminal Complaint was issued against the above-named defendant charging him with Threats to the President and successors to the Presidency and Interstate Threats, in violation of 18 U.S.C. §§ 871 & 875(c).

2. On January 6, 2021, the defendant made his initial appearance on the criminal complaint before the Honorable Thomas M. DiGirolamo, United States Magistrate Judge. At the hearing, the defendant consented to detention without prejudice, and the Court ordered the defendant detained pending trial.

3. On January 19, 2021, the defendant filed a written waiver of preliminary examination or hearing.

4. On March 1, 2021, the Court ordered the defendant released on conditions, including that he reside at a mental health support program and comply with the facility's rules.

5. The parties are engaged in pre-indictment discovery, and exploring the possibility of resolving this matter prior to presentation of the case to a grand jury. The government believes both parties would benefit from additional time to continue discovery and discussions, and that the

ends of justice served by such a delay outweigh the best interests of the public and the Defendant in a speedy trial.

6. The undersigned has consulted with counsel for the defendant, who consents to this motion.

7. On March 5, 2020 and March 13, 2020 respectively, the Governor of Maryland and the President of the United States declared states of emergency in response to the global COVID-19 pandemic.

8. On March 20, 2020, citing, inter alia, the advice of the Centers for Disease Control and Prevention to take precautions "to reduce the possibility of exposure to the virus and slow the spread of the disease," Chief Judge James K. Bredar issued an order suspending jury selection and criminal trials through April 24, 2020. See Standing Order No. 2020-05, In re Standing Orders, Misc. No. 20-308, ECF 97.

9. Standing Order 2020-05 provided that the time period of the continuance implemented by the Order (that is, the time period between March 20, 2020 and April 24, 2020) was excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuance outweighed the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). See Standing Order 2020-05, at 2.

10. On May 22, 2020, Chief Judge Bredar issued Standing Order 2020-11 which extended the suspension of jury selection and criminal trials to July 31, 2020, and excluded under the Speedy Trial Act the period of March 16, 2020 to July 31, 2020. See Standing Order 2020-11, In re: Court Operations Under the Exigent Circumstances Created by COVID-19,

Misc. No. 00-308, ECF 103, 3-4. This order was extended on June 23, 2020, and again on September 16, 2020.

11. On November 11, 2020, Chief Judge Bredar issued Standing Order 2020-20, in response to worsening pandemic conditions. This order suspended all in-court hearings and proceedings and further limited access to U.S. Courthouses for at least 14 days. On November 19, 2020, the Court issued Standing Order 2020-21, extending the duration of reduced operations through January 15, 2021.

12. On December 8, 2020, Chief Judge Bredar issued Standing Order 2020-22, extending prior orders authorizing telephone and video conferencing for certain criminal proceedings, with the defendant's consent, through March 8, 2021.

13. On December 9, 2020, Chief Judge Bredar issued Standing Order 2020-23, suspending Grand Jury meetings from December 18, 2020, through January 18, 2021. Due to the unavailability of a grand jury in the district, the 30-day time period for filing an indictment was tolled as to each defendant during the time period December 18, 2020, through January 18, 2021.

14. On January 4, 2021, Chief Judge Bredar issued Standing Order 2021-01, extending reduced court operations under Standing Order 2020-20 through February 26, 2021.

15. On March 8, 2021, Chief Judge Bredar issued Standing Order 2021-04, modifying the Court's reduction of operations effective March 15, 2021, and continuing in Phase Three indefinitely.

16. Title 18, United States Code, Section 3161(b) requires that

> "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

Certain periods of time may be excluded from this time period by a Court pursuant to Title 18, United States Code, Section 3161(h). One reason for acceptable excludable delay is:

> (7)(A)  Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, for the foregoing reasons, the United States respectfully requests an order from the Court excluding time from calculation of the period within which an indictment must be returned in this matter to and including May 17, 2021.

Respectfully Submitted,

Jonathan F. Lenzner
Acting United States Attorney

_____/s/_____
Zachary A. Myers
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4800